Edwin **MURILLO-BERNAL**, Petitioner

v.

**Jefferson B. SESSIONS, III,**
**U.S. Attorney General,**
**Respondent**

**No. 16-60158**
**Summary Calendar**

United States Court of Appeals,
Fifth Circuit.

Filed September 14, 2017

Jaime Jasso, Esq., Attorney, Law Offices of Jaime Jasso, Westlake Village, CA, for Petitioner

Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, Sarah Pergolizzi, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

---

PER CURIAM: *

Edwin Murillo-Bernal is a native and citizen of El Salvador. He seeks review of a decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the decision by an immigration judge (IJ) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture.

Murillo-Bernal was a taxi driver who reported that gangsters extorted money from him until he was unable to pay and then threatened to kill him if he did not pay. He testified that the gangsters forced him to watch as they burned another taxi with the driver inside. The IJ determined that Murillo-Bernal was not credible, mainly because he did not mention the man-burning incident in his written application for asylum. Credibility aside, the IJ also concluded that that Murillo-Bernal failed to establish a right to withholding of removal or relief under the Convention Against Torture. The IJ also concluded that "[g]ang activities such as extortion and robbery constitute general lawlessness, and aliens fleeing general conditions of violence and upheavals in their countries would not qualify for asylum." The BIA affirmed the IJ's credibility determination.

In the brief supporting his petition for review, Murillo-Bernal addresses only the IJ's credibility determination and its effect on his asylum application. Even assuming he prevailed on the credibility issue, he fails to address how he was persecuted or feared persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.[1] *Orel-*

lana-Monson v. Holder, 685 F.3d 511, 518 (5th Cir. 2012).

As in his BIA appeal, he does not challenge the IJ's findings that he failed to establish a right to withholding of removal or relief under the Convention Against Torture. These issues are waived. *See Soadjede v. Ashcroft*, 324 F.3d 830, 833 (5th Cir. 2003). In any event, we would lack jurisdiction to consider those issues because they were not exhausted before the BIA. *See Roy v. Ashcroft*, 389 F.3d 132, 137 (5th Cir. 2004). Murillo-Bernal also argues that he was denied a fair hearing due to the absence of transcripts that might have supported an exception to the untimely filing of his asylum application. But that issue was mooted when the BIA determined that the asylum application failed even if timely. Thus, only the credibility issue is before us.

The BIA's decision to uphold the IJ's adverse credibility determination is reviewed under the substantial evidence standard. *See Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). Under that standard, the IJ's credibility determinations will be reversed only if the record compels a contrary conclusion. *See id.* at 538-39.

Murillo-Bernal argues that he presented a plausible reason for not mentioning the man-burning incident in his asylum application and that the IJ ignored his obvious emotional distress in testifying about the incident. As the BIA observed, the IJ took note of Murillo-Bernal's emotional state. The BIA declined to second-guess the IJ and concluded that the IJ was not required

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. His appellate brief states only that his persecution claim "involves his fear that he will be killed by the gangs that operate openly ... based on the grounds that Murillo-Bernal was unable and unwilling to continue paying exorbitant 'protection' ... fees to the gangs as demanded to survive in his taxi business." This does not state a claim falling within the protected grounds.

to accept Murillo-Bernal's explanation for intentionally declining to mention an incident that "was significant and central" to his claim. In essence, Murillo-Bernal asks this court to second-guess the IJ's credibility determination. That is contrary to the highly deferential standard of review. *See Wang*, 569 F.3d at 538.

The petition for review is DENIED.